THE STATE MUTUAL BUILDING AND LOAN ASSOCIATION,
respondent,

·v.

EDWARD A. O'CALLAHAN, appellant.

[Filed September 9th, 1903.]

Upon the foreclosure by a building and loan association of a mortgage made to it by the defendant to secure a principal sum, with interest, an interlocutory decree *pro confesso* was taken and an order of reference made to a master to report the amount of the principal and interest due. The master, in addition to these amounts, reported as also due to the complainant a sum of over $2,000 for "dues, fines and premiums in arrears," for which a final decree was entered. The defendant thereupon petitioned the court of chancery to correct its decree before the sale of the mortgaged premises to satisfy it, which prayer was denied, "without prejudice to the defendant to renew the application after the sale of the premises."—*Held*, that the merits of the defendant's petition should have been passed upon before the execution of the decree by the sale of the mortgaged premises.

On appeal from an order advised by Vice-Chancellor Pitney.

*Mr. Warren Dixon,* for the appellant.

*Mr. Edward A. Armstrong,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

Upon a bill filed to foreclose a mortgage given by the defendant to the complainant, a decree *pro confesso* was entered against the defendant and an order of reference made to a master "to ascertain and report the amount due to the said complainant for principal and interest upon the mortgage held by it upon the premises mentioned and described in the said bill of complaint."

Upon the coming in of the report of the master and the entry of a final decree for the amount therein reported to be due upon the mortgage, it became apparent that the master had gone beyond the direction of his order of reference in that, in addition to the amount of principal and interest due upon the complainant's mortgage, he had reported as likewise due thereon a sum in excess of $2,000 for "dues, fines and premiums in arrears," for which it is claimed no warrant existed, either in the bill of complaint or the decree *pro confesso,* or in the order of reference or in the mortgage itself; the bond that accompanied the mortgage being apparently the only security taken by the complainant for the payment of these extra charges.

A final decree having been made for the amount so reported to be due, the defendant exhibited to the court of chancery his petition setting out the above facts, and praying that before the sale of the mortgaged premises to satisfy such decree it be opened and corrected so as to make it conform to the interlocutory decree and the order of reference that had been made in the cause.

An order to show cause, with the required stay, was in the first instance allowed, but this subsequently was discharged by the order of the court, "without prejudice to the defendant's right to renew the application after the sale of the premises," the proceedings under the writ of *fieri facias* to be no longer stayed.

From this order the defendant has appealed, upon the ground that the merits of his application for the correction of the final decree ought to be passed upon before its execution.

To this it is replied that the order is one that is not appealable; that the defendant, by permitting an interlocutory decree to be taken by confession, is bound by the order of reference made thereunder; that his application is addressed solely to the discretion of the chancellor and is, at most, a matter of grace, to be granted only upon equitable terms as to redemption, which are not tendered by the petitioner.

We think that the order is appealable. In effect, it denied to the defendant the right to have an erroneous decree cor-

rected until after his property had been sold to satisfy it. It possessed, therefore, in this respect, the character of finality, unless it be denied that the right in question was of a substantial nature. The right of a defendant to have the decree against his property judicially settled before its enforcement, is a substantial right of the most elemental character. *Bragaw* v. *Point Breeze Ferry Co., 2 Dick. Ch. Rep. 298.*

In the orderly course of a foreclosure suit, the right of the owner of the equity of redemption to have the debt for which the property is pledged definitely ascertained and declared before the mortgaged property is sold to satisfy it, is of the very essence of the proceeding. At no time is it a mere matter of grace, unless by his own conduct the debtor has made it so. In the present case the defendant had done nothing to vary or forfeit his rights in this respect. He had a right to assume that the decree that went against him by confession would follow the prayer of the bill and the terms of his mortgage, and if he be deemed to have consented to the order of reference that was in fact made, and to such final decree as might be based thereon, such consent would conclude him only to a report and to a decree that were within the four corners of such reference. He was not bound to anticipate that the master would report upon matters that had not been referred to him. The case stands, therefore, in effect, as if the proposition was to hold back the master's report until after the sale of the mortgaged premises, and then, by final decree, to fix the amount for which the property had been pledged. This situation, which was brought to the attention of the court of chancery by the defendant's petition, resulted in nowise from any wrongful conduct upon his part, but solely from the unwarranted act of the master in traveling outside of the plain terms of the reference that had been made to him. It was the defendant's right to have this misconduct corrected and the cause restored as if it had never occurred. He was not obliged to tender terms, for he was asking for no favors; neither was he required to demonstrate to the court that it would be beneficial to him to have his rights respected. Being free from fault, the merits of his application

should have been passed upon before the execution of the final decree in its incorrected form.

The appeal from the final decree has, for obvious reasons, not been considered. The defendant pursued the proper course in bringing the matter to the notice of the court in which the cause was pending. We are dealing now with the action of the court below upon such application, and not with the final decree, which it is still holding under advisement.

The order discharging the order to show cause must be set aside and the cause be remitted, to be proceeded with from that point in the court below, in accordance with the views herein expressed.

*For reversal*—The Chief-Justice, Van Syckel, Dixon, Garrison, Fort, Hendrickson, Pitney, Swayze, Bogert, Vredenburgh, Voorhees, Vroom, Green—13.

*For affirmance*—None.